———o———

STATE *vs.* JAMES H. S. GAM.

*Pointing fire-arms—Misdemeanor—Intent—Statute.*

1.   In the crime of assault with intent to commit murder, there are two elements—one the act of assault, and the other the intended consequences of that act.  In the misdemeanor of pointing a gun, there is but *one* element, the act of pointing—questions of *intent* with respect to innocence, mischief or malice do not enter into the offense.

2.   In the misdemeanor of pointing a gun, it is only necessary for the State to  prove, beyond a reasonable doubt, that the accused intentionally pointed a gun at another as charged, so as to exclude an inference that he did it unintentionally or accidentally.

3.   Where the testimony is conflicting, it is the duty of the jury to reconcile it if they can; if they cannot, to accept that part which they deem worthy of credit, and reject that which they deem unworthy of credit, having regard to the intelligence or ignorance of the witnesses, their opportunity to observe, know and remember the facts to which they have testified, and their bias from interest or prejudice, if any.

4.   If upon the whole case, the jury entertain a reasonable doubt as to the guilt of the accused, such doubt entitles him to an acquittal.

5.   A reasonable doubt is not a mere fanciful, vague or speculative doubt, but a substantial doubt, arising from the evidence and remaining in the minds of the jury after a careful consideration of the testimony; such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

Del. statute; *Act April* 8, 1881,—16 *Del. Laws, p.* 716, *Chap. 548 Sec.* 3.

(*September* 28, 1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*William G. Jones* for the State.

*Caleb E. Burchenal* and *W. W. Knowles* for the defendant.

Court of General Sessions, New Castle County, September Term, 1909.

INDICTMENT FOR POINTING A GUN.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—James H. S. Gam, the defendant in this case, stands indicted for intentionally pointing a gun at Edward Gam, the prosecuting witness. The act charged in the indictment is made a misdemeanor under a law which provides, "That it shall be unlawful for any person, either in jest or otherwise, intentionally to point a gun, pistol or other fire-arms at or towards any other person at any time or place." (*Act April* 8, 1881, 16 *Del. Laws p.* 716, *Chap.* 548 *Sec.* 3.)

This law was enacted for the two-fold purpose of preventing loss of life by the acts of irresponsible people who are prone to jest with deadly weapons, and to punish others who endanger life by the use of such weapons, not jestingly but seriously, yet in a manner to escape indictment for assault with intent to commit murder.

In the crime of assault with intent to commit murder, to perpetrate which, fire-arms are frequently used, there are *two* elements, one the act of assault, and the other the intended consequences of that act. In the misdemeanor of pointing a gun, there is but *one* element, the act of pointing, and no element of intention with respect to the purpose for which the weapon is pointed. In the crime of assault with intent to commit murder, there is the ingredient of malice, but in the misdemeanor of pointing a gun, there is no ingredient of malice, no motive to injure.

In the latter offense, questions of intent with respect to innocence, mischief or malice do not enter. The intentional act of pointing the gun constitutes the whole offense.

Therefore, to warrant conviction for this misdemeanor it is not necessary for the State to prove that the defendant pointed the gun, either with an intention to jest or to injure; it is only necessary for the State to prove that the defendant intentionally or *purposely* pointed the gun at or towards the prosecuting witness, so as to exclude an inference that he did it unintentionally or accidentally.

From this statement of the law, it appears that the one question submitted to you for your determination is the act of intentionally pointing a gun by the defendant at or towards the prosecuting witness. This question you are to determine from the act and conduct of the defendant and from all other circumstances proven in the case. Where the testimony is conflicting, as it is in this case, you should reconcile it, if you can, but if you cannot, you should accept that part of it which you deem worthy of credit and reject that which you deem unworthy of credit, having regard to the intelligence or ignorance of the witnesses, their opportunity to observe, know and remember the facts to which they have testified, and their bias arising out of interest or prejudice.

If after a deliberate analysis and consideration of all the evidence, you are satisfied beyond a reasonable doubt that James H. S. Gam intentionally or purposely pointed a gun at or towards Edward Gam, your verdict should be guilty. But if there has been proved anything that raises in your minds a reasonable doubt that the defendant so pointed the gun, or that he intended to so point it, then the defendant is entitled to the benefit of that doubt and your verdict should be not guilty. But this doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, arising from the evidence and remaining in your minds after a careful consideration of the testimony; such a doubt as reasonable, fair-minded and conscientious

men would entertain under all the facts and circumstances of the case.

Verdict, not guilty.