JOHN MATUSHEFSKE, Justice of the Peace in New Castle County, Respondent-Appellant, v. THOMAS HERLIHY, III, Chief Deputy Attorney General, Petitioner-Appellee.

(*November* 15, 1965)

WOLCOTT, C. J., and CAREY, J., and MARVEL, Vice-Chancellor, sitting.

*William D. Bailey, Jr.,* of Bayard, Brill, Russell & Handelman, for appellant.

*David F. Anderson,* of Berl, Potter & Anderson, and Peter W. Green, for appellee.

Supreme Court of the State of Delaware, No. 35, 1965.

CAREY, Justice.

The Superior Court granted writs of prohibition against appellant herein, a Justice of the Peace, and the Court of Common Pleas of New Castle County, barring them from taking any further proceedings in certain criminal charges against the appellee, who was at

the time Chief Deputy Attorney General, although he resigned that office prior to the decision below. A stipulation of facts was filed on the basis of which the Court held that "nothing done by the appellee could be construed to amount to the commission of a crime." In addition to the usual command of the writ, Mr. Matushefske was personally barred from taking any further action whatsoever in any Court of the State based upon the events described in the statement of facts. He alone has appealed.

The facts are these: In obedience to a subpoena, appellant turned over to the Grand Jury certain of his official dockets. The Grand Jury thereafter returned a true bill charging him with four counts of non-feasance in office, two of which were for failure to keep records of certain motor vehicle offenses brought before him. Four days later, a warrant of arrest was issued based upon the indictment. Police officers first delivered back to appellant his dockets, following which they arrested him pursuant to the warrant and started to seize the dockets as an incident to the arrest. He ordered them to desist, whereupon they telephoned the appellee who instructed them to proceed with the seizure, and they did so. The dockets seized by the police were not his "live" or current books actually in daily use, but were those for the two years preceding the period included in the current books.

Some days later, the appellant issued a warrant, based upon his own complaint, directing the arrest of appellee on a charge of contempt. Mr. Herlihy was arrested and taken before appellant for a hearing. The matter was continued, however, and appellee promptly filed a petition for prohibition in Superior Court (No. 3120).

Several months later (one day before Mr. Herlihy's resignation became effective), appellant swore out two complaints in the Court of Common Pleas charging appellee with misfeasance and non-feasance in office. These charges were based upon the same occurrences described above. The warrants were never served, because Mr. Herlihy, having learned of their issuance, promptly filed another petition for prohibition in Superior Court (No. 3000). The two petitions were briefed and argued together in the Superior Court.

■ Motion was made in this Court to dismiss the appeal in No. 3000 because the Judges of the Court of Common Pleas had not joined in the appeal. We think the motion must be denied. Since appellant was a party defendant in that action and since the order below expressly prohibits him personally from taking any further action in any Court, we consider that he has sufficient standing to prosecute this appeal.

This Court has repeatedly indicated the purposes and functions of a writ of prohibition. They are summarized in *Canaday v. Superior Court,* 10 Terry 332, 116 A.2d 678, as follows:

"The writ of prohibition is a writ issued by a superior to an inferior court to prevent such court from exercising jurisdiction over matters not legally within its cognizance, or to prevent it from exceeding its jurisdiction in matters over which it admittedly has cognizance. It is designed primarily to keep the administration of justice in orderly channels, and to prevent unwarranted assumption of power over persons or matters not within the legitimate cognizance of the inferior tribunal. *Clendaniel v. Conrad* [3 Boyce 549, 26 Del. 549, 83 A. 1036], supra; *Knight v. Haley,* 6 W.W.Harr. 366, 36 Del. 366, 176 A. 461; *Fouracre v. White,* 7 Boyce 25, 30 Del. 25, 102 A. 186; 42 Am. Jur., Prohibition, Secs. 2, 5.

Generally speaking, the writ of prohibition may not be distorted into a substitute for a writ of error for the correction of error, irregularity or mistake in the proceedings in the court below which can be reviewed by ordinary appellate process. 42 Am. Jur., Prohibition, Secs. 8, 30; 2 Bailey on Habeas Corpus, Sec. 357a. The writ will be denied if the petitioner has another adequate and complete remedy at law for the correction of the asserted error of the court below. *Norton v. Emery,* 108 Me. 472, 81 A. 671; High on Extraordinary Legal Remedies, Sec. 770; *Chew v. Superior Court,* 43 R.I. 194, 110 A.605."

■ As stated in *Clendaniel v. Conrad,* 3 Boyce 549, 83 A. 1036, a writ of prohibition will issue from a Superior Court to an inferior tribunal only for the purpose of preventing the inferior tribunal

from exceeding the limits of its jurisdiction.

■ It is apparent in the present case that the Superior Court based its decision solely on its conclusion that the appellee had in fact committed no crime. This approach, we think, was incorrect because it was in effect a decision on the merits of the charges, and therefore beyond the permissible scope of prohibition, in which the question to be determined is whether the inferior courts had jurisdiction of the subject matter and the person or were about to exceed their jurisdiction. But, even though we disagree with the reasons assigned by the Court below, we will not reverse its judgment if the orders entered were proper for some other reason.

■■ As to No. 3000, we think the Court below should have dismissed the petition as having been prematurely filed. It is the general rule that prohibition will not be issued unless the attention of the inferior court has been called to the alleged lack of jurisdiction, or it has indicated in some fashion its intent to proceed. 73 C.J.S. Prohibition Sec. 22, p. 99; 42 Am.Jur. 172; See annotation in 35 A.L.R. 1090. This rule was referred to, by way of dictum, in *Knight v. Haley,* 6 W.W.Harr. 366, 176 A. 461, in these words:

"Where the inferior court has jurisdiction of the person and subject matter, prohibition does not lie to prevent an erroneous decision, 50 C.J. 678; nor can it be assumed that any tribunal will act in a matter over which it has no jurisdiction, and until it does some act, as, when, upon challenge to its jurisdiction having been made, it overrules the objection, or otherwise expressly or by necessary implication announces its purpose to proceed, prohibition will not lie."

There are, as the authorities demonstrate, many exceptions to the foregoing rule, but none of them apply here. The Judges of the Court of Common Pleas have never been asked to do anything in the cases before them, and they have made no appearance in the Superior Court or in this Court in these proceedings. Indeed, it is possible they may never be requested to take any action, since the Attorney General may see fit to enter a nolle prosequi. We see no reason in this case why

the general rule should not be observed. To ignore it here would be equivalent to discarding it, and this we are unwilling to do.

The situation in No. 3120 is materially different. The appellant, by his actions in his own Court as well as in the others, has clearly evinced his determination to try that case unless prohibited from doing so. We must therefore determine his jurisdictional right to hear it. In deciding the matter, we pass over the various contentions of counsel as to whether or not there is any inherent power in an inferior court to punish contempts and whether or not the authority conferred upon Justices of the Peace by T. 11 *Del. C.* Ch. 3, Sub-Chapter XV, is broad enough to include this case. In our opinion, another reason exists which clearly justifies the order of the Superior Court in this case.

As a general rule, other remedies being inadequate, prohibition will lie to restrain a Judge from proceeding in a case which is within his jurisdiction but as to which he is personally disqualified by reason of interest, bias or prejudice, at least where the facts are clear. 42 Am.Jur. 163; 73 C.J.S. Prohibition Sec. 11, p. 52. The cases are collected in 92 A.L.R.2d 308. Every litigant is entitled to trial by a disinterested judge. Whether in any case the interest shown to exist is sufficient to create a disqualification depends upon the peculiar facts of the case. In the present instance, it is plain that appellant had a personal interest in the matter. He was under indictment, at the trial of which his dockets would constitute important evidence either for or against him. As a Justice of the Peace, he of course had an impersonal interest in preserving them in compliance with the applicable statutes; as an individual charged with crime, however, he obviously had a personal interest to be served. We do not say that his actions were in fact motivated solely or principally by this personal interest; the mere fact that it existed is sufficient to disqualify him from presiding at a trial of the contempt charge.

Of course, prohibition will not ordinarily be granted for this reason when there is another adequate remedy. In the present instance, we think any other possible remedy would be inadequate. For example, if appellee were found guilty and the penalty should be a fine of less

than $100 or imprisonment of less than one month, there would be no right of appeal, either under Art. 4 Del. Constitution Sec. 28, *Del. C. Ann.,* or under any statute. Habeas corpus might be available if a prison sentence were imposed, but not if the penalty were limited to a fine. Certiorari would probably be futile, because the disqualification would not likely appear on the face of the record. See *Nelte v. State,* Del., 198 A.2d 921.

For the foregoing reasons, the judgment of the Court below in No. 3120 will be affirmed. The judgment in No. 3000 will be reversed with instructions to discharge the rule and dismiss the petition.