**Elwood F. MELSON, Jr., and Grace Melson, Petitioners,**

**v.**

**The COURT OF CHANCERY of the State of Delaware, IN AND FOR NEW CASTLE COUNTY and the Honorable Isaac D. Short, 2nd, Sitting as a Vice Chancellor of said Court, Respondents.**

Supreme Court of Delaware.

Sept. 29, 1967.

William E. Taylor, Jr., Wilmington, for petitioners.

Nathan P. Michlin, Wilmington, Admr. C. T. A. of the Estate of Julia Nelling Clay, Intervener, in person.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

■ In a proper case, where a fair and impartial trial requires it, a writ of prohibition may issue to prevent a disqualified judge from proceeding with the case. Matushefske v. Herlihy, Del., 214 A.2d 883, 886 (1965); Annotation, 92 A.L.R.2d 306. This is not such a case.[1]

■ The petitioners contend that they will be deprived of due process of law if the present Trial Judge continues in the case here involved. We disagree.

The background of the situation appears in Melson v. Michlin, Del., 223 A.2d 338 (1966). It will be noted there that the Trial Judge granted summary judgment against the petitioners. Upon the reversal and remand for trial, the petitioners moved for disqualification of the Trial Judge on the ground that he had prejudged the case, as evidenced by his conclusion that there was no genuine issue of material fact and that the petitioners' opponent was entitled to judgment as a matter of law.

The Trial Judge declined to disqualify himself, stating that nothing had occurred indicating to him that he could not consider the case objectively. The Trial Judge stated, however, that he considered the factual issues raised by the opinion of this Court to be of sufficient importance to require that they be submitted to a jury.[2]

Under the circumstances, it is unnecessary for us to rule on the petitioners' contention that a judge who has granted a summary judgment, reversed on appeal and remanded for trial, may be so prejudiced that a fair and impartial non-jury trial of the case is impaired. Here, the Trial Judge has announced his intention to have the factual issues decided by a Superior Court jury presided over by another judge. Under those circumstances, as we think the petitioners have conceded at oral argument, there can be no complaint based upon deprivation of due process.

The petitioners assert, as difficulties and handicaps which would confront them in a jury trial, the complexity of the questions to

---

1. In view of this conclusion, we need not pass upon the question of whether an appeal would constitute an adequate remedy, under the circumstances of this case, sufficient to foreclose the extraordinary remedy of prohibition. See Matushefske v. Herlihy, supra; Annotation, 92 A.L.R. 2d 306, 324–330.

2. 10 Del.C. § 369 provides as follows:
"§ 369. Issues of fact triable by jury.
"When matters of fact, proper to be tried by a jury, arise in any cause depending in Chancery, the Court of Chancery may order such facts to trial by issues at the bar of the Superior Court."

be decided and the element of sympathy that may work against them. Neither of these problems is extraordinary or different than those to which litigants are exposed constantly in jury cases.

The petition for the writ of prohibition is denied.