IN THE MATTER OF THE PETITION OF LINDA MERRITT FOR A WRIT OF MANDAMUS.
No. 222, 2010.
Supreme Court of Delaware.
Submitted: May 3, 2010.
Decided: May 12, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 12th day of May 2010, it appears to the Court that:
(1) The petitioner, Linda Merritt, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Court of Chancery to stay all proceedings in R&R Capital, LLC and FTP Capital, LLC v. Merritt, C.A. No. 3989, vacate its April 13, 2010 order denying her request for legal fees, award her the requested legal fees, and dismiss the Chancery Court case in its entirety. Merritt also requests that, in lieu of granting a stay, this Court grant her leave to file an appeal. Plaintiffs-below R&R Capital, LLC and FTP Capital, LLC have filed an answer requesting that Merritt's petition be dismissed. We find that Merritt's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.
(2) The record before us reflects that, on September 14, 2009, the Court of Chancery issued an order in C.A. No. 3989 appointing a receiver for the purpose of winding up the affairs of a number of Delaware entities. The receiver was given authority to dissolve the entities, conduct an accounting of the assets of the entities and pay the entities' outstanding debts. It appears that, on April 6, 2010, Merritt filed a request in the Court of Chancery for legal fees. In denying Merritt's request, the Court of Chancery admonished Merritt against further burdening the court and the parties with frivolous filings and stated that the receiver now had sole authority to communicate with the Court of Chancery regarding the Delaware entities. Merritt then filed the instant petition.
(3) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[2] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that he or she a) has a clear right to the performance of the duty; b) no other adequate remedy is available; and c) the trial court has arbitrarily failed or refused to perform its duty.[3] A writ of mandamus will not issue to compel a trial court to perform a particular judicial function, decide a matter in a particular way or dictate control of its docket.[4] Nor may a petitioner use the extraordinary writ process as a substitute for appellate review.[5]
(4) Merritt has failed to demonstrate that the Court of Chancery has arbitrarily failed or refused to perform a duty owed to her. Moreover, Merritt's request for relief exceeds this Court's authority on a petition for a writ of mandamus. Finally, Merritt's petition seeks to circumvent the appellate process. As such, Merritt's petition manifestly fails to invoke the original jurisdiction of this Court and must be dismissed.
NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.
NOTES
[1] Del. Const. art. IV, 11(6); Supr. Ct. R. 43.
[2] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[3] Id.
[4] Id.
[5] Matushefske v. Herlihy, 214 A.2d 883, 885 (Del. 1965).