IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF CHRISTOPHER R. § No. 566, 2014
DESMOND FOR A WRIT §
OF MANDAMUS §

Submitted: October 8, 2014
Decided: October 20, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 20th day of October 2014, upon consideration of the petition of Christopher R. Desmond for an extraordinary writ of mandamus and the State's motion to dismiss, it appears to the Court that:

(1) The petitioner, Christopher R. Desmond, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus compelling enforcement of a plea offer that expired in 1992. The State filed a response to Desmond's petition and moved to dismiss the petition. After careful review, we conclude that Desmond's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) In November 1992, a Superior Court jury convicted Desmond of ten counts of Robbery in the First Degree as well as other related offenses. The charges arose from a series of armed robberies. This Court affirmed the Superior

Court's judgment on direct appeal.[1] Since that time, Desmond has filed a number of unsuccessful motions and petitions in this Court, the Superior Court, and the United States District Court for the District of Delaware.[2]

(3) On October 2, 2014, Desmond filed a petition in this Court for issuance of a writ of mandamus compelling enforcement of a 1992 plea offer. Desmond claims that the plea offer was not communicated to him before it expired. Desmond raised this claim in his ninth postconviction motion, which was denied by the Superior Court under Superior Court Criminal Rule 61,[3] and in a complaint for a writ of mandamus, which was dismissed by the Superior Court.[4] Desmond filed a notice of appeal from the Superior Court's dismissal of his

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

[2] *E.g.*, *Desmond v. State*, 2014 WL 3809683, at *1-2 (Del. Aug. 1, 2014) (affirming Superior Court's denial of Desmond's tenth month for postconviction relief and motion for correction of illegal sentence); *Desmond v. Phelps*, 2012 WL 424891, at *1 (Del. Feb. 8, 2012) (affirming Superior Court's dismissal of Desmond's petition for writ of mandamus requiring Department of Correction to take certain actions); *In re Desmond*, 2001 WL 1044609, at *2 (Del. Aug. 29, 2001) (dismissing petition for writ of certiorari); *State v. Desmond*, 2011 WL 91984, at *2-4 (Del. Super. Ct. Jan. 5, 2011) (describing Desmond's history of postconviction applications up to and including his seventh motion under Superior Court Criminal Rule 61), *aff'd*, 2011 WL 4553174 (Del. Oct. 3, 2011); *Desmond v. Snyder*, 1999 WL 33220036, at *21 (D. Del. Nov. 16, 1999) (dismissing Desmond's petition for writ of habeas corpus).

[3] *State v. Desmond*, 2013 WL 1090965, at *2-3 (Del. Super. Ct. Feb. 26, 2013), *aff'd*, 2013 WL 4475177 (Del. Aug. 20, 2013).

[4] *Desmond v. Biden*, C.A. No. N14M-09-008 (Del. Super. Ct.), D.I. 2.

complaint for a writ of mandamus on the same day he filed this petition for issuance of a writ of mandamus.[5]

(4) A writ of mandamus is an extraordinary remedy that may be issued by this Court to compel a trial court to perform a duty owed to the petitioner.[6] This Court's jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a court or judge thereof.[7] A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[8]

(5) There is no basis for issuance of a writ of mandamus in this case. First, to the extent Desmond seeks an order compelling the Attorney General to honor an expired and unaccepted plea offer, this Court lacks jurisdiction to issue a writ of mandamus to the Attorney General.[9] Second, to the extent Desmond is

---

[5] *Desmond v. Biden*, No. 567, 2014 (Del.), D.I. 1.

[6] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[7] Del. Const. art. IV, § 11(5) (providing that Supreme Court has jurisdiction to issue extraordinary writs to "the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same").

[8] *Bordley*, 600 A.2d at 620.

[9] *In re Kostyshyn*, 2012 WL 504800, at *1 (Del. Feb. 15, 2012) (holding Supreme Court has no jurisdiction to issue writ of mandamus to the Governor, Chief Justice or Attorney General).

3

seeking to compel the Superior Court to enforce the expired plea offer, Desmond has an adequate remedy at law. He is appealing the Superior Court's dismissal of his complaint for a writ of mandamus that is substantially similar to the petition for a writ of mandamus Desmond filed in this Court. A petition for a writ of mandamus is not a substitute for an appeal.[10]

(6) Both the complaint for a writ of mandamus in the Superior Court and the petition for a writ of mandamus in this Court are based on Desmond's claim that he is entitled to enforcement of an expired 1992 plea offer. In the Superior Court complaint and the petition for a writ of mandamus in this Court, Desmond sought exactly the same relief: nullification of conditions imposed outside the 1992 plea agreement based upon a violation of the implied covenant of good faith and fair dealing and a declaration that his Level V time expired on October 9, 2011. Given these substantial similarities and Desmond's appeal of the Superior Court's dismissal of his complaint, Desmond's petition for a writ of mandamus in this Court is legally frivolous.

(7) We have now invested considerable time detailing our reasons why Desmond's petition for a writ of mandamus fails to invoke this Court's jurisdiction and is legally frivolous. We do not intend to continue to invest scarce judicial resources in addressing repetitive and frivolous claims. As previously noted,

---

[10] *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

Desmond has filed a number of unsuccessful motions and petitions in the courts of this state. The United States District Court for the District of Delaware has held that Desmond is precluded from filing a civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint, because he has filed more than three civil actions that were dismissed as frivolous or for failure to state a claim.[11] Under 10 *Del. C.* § 8804(f), an inmate may not proceed *in forma pauperis* if he previously filed three or more complaints, in federal or state court, that were dismissed as frivolous, malicious, or for failure to state a claim, unless he "is under imminent danger of serious physical injury at the time that the complaint is filed."

(8) In the future, if Desmond files a notice of appeal from a civil judgment or a petition for issuance of a writ in this Court, the Clerk of the Court is directed to refuse the filing unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis*, with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e), and the motion to proceed *in forma pauperis* is granted by this Court. Desmond is also on notice that he risks the forfeiture of good time under 10 *Del. C.* § 8805(a) if he files more complaints found to be factually frivolous, malicious, or legally frivolous under 10 *Del. C.* §§ 8803(b) or (c).

---

[11] *Desmond v. Phelps*, 2010 WL 1287079 (D. Del. Mar. 30, 2010).

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice