IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF ADREIN U. TYLER | § No. 83, 2015 |
| FOR A WRIT OF MANDAMUS | § |

Submitted: February 26, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 6th day of March 2015, upon consideration of the petition of Adrein U. Tyler for an extraordinary writ of mandamus, it appears to the Court that:

(1) The petitioner, Adrein U. Tyler, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to have all chain of custody documents produced to Tyler. The State of Delaware has filed an answer and motion to dismiss Tyler's petition. After careful review, we find that Tyler's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) In the summer of 2013, Tyler was indicted for multiple offenses in three different cases. Two of the cases included drug offenses. Tyler ultimately pled guilty to two counts of Drug Dealing, two counts of Disregarding a Police Officer's Signal, and one count of Driving with a Suspended License in exchange for the State dismissing the other charges. On December 13, 2013, Tyler was

sentenced to a total, non-suspended period of six years and 240 days Level V incarceration. Tyler did not appeal the Superior Court's judgment.

(3) On January 16, 2014, Tyler filed a *pro se* motion for postconviction relief. Counsel was appointed to represent Tyler. In September 2014 and November 2014, Tyler's counsel requested additional time to file an opening brief so he could further research issues arising from the investigation of the Office of Chief Medical Examiner ("OCME") and review an anticipated Superior Court decision on issues related to the OCME investigation. Tyler's counsel filed a motion to withdraw on January 20, 2015. The motion to withdraw and Tyler's *pro se* motion for postconviction relief remain pending.

(4) Tyler filed this petition for a writ of mandamus on February 23, 2015. Tyler claims that chain of custody documents are vital to his motion for postconviction relief and have been withheld from him. He also claims to have no other legal remedy for obtaining the chain of custody documents.

(5) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] This Court "will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

dictate the control of its docket."[2]  A writ of mandamus may not be used as a substitute for an appeal.[3]

(6)  Tyler has not shown that he lacks an adequate legal remedy or that the Superior Court arbitrarily failed or refused to perform a duty owed to him.  As part of the postconviction proceedings, expansion of the record to include chain of custody documents can be requested.[4]  Tyler's motion for postconviction relief is currently pending.  If the motion for postconviction relief is denied, then issues relating to the production of the chain of custody documents can be raised in an appeal of the order denying the motion for postconviction relief.[5]

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

---

[2] *Id.*

[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).

[4] *In re Shockey*, 2005 WL 2475731, at *2 (Del. Aug. 16, 2005) (citing Superior Court Criminal Rule 61(g)).

[5] *Id.*