IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF DEVIN L. | § No. 70, 2015 |
| COLEMAN FOR A WRIT OF | § |
| MANDAMUS | § |

Submitted: February 24, 2015
Decided: March 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 9th day of March 2015, upon consideration of the petition of Devin L. Coleman for an extraordinary writ of mandamus, it appears to the Court that:

(1) The petitioner, Devin L. Coleman, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus compelling the Superior Court to review his 2006 conviction for Possession with Intent to Deliver. The State of Delaware has filed an answer and motion to dismiss Coleman's petition. After careful review, we find that Coleman's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) On June 17, 2014, Coleman pled guilty to five charges arising from two different indictments. On the charge of Possession of a Firearm by a Person Prohibited, Coleman was sentenced to eight years of Level V incarceration as a habitual offender under 11 *Del. C.* § 4214(a). Coleman was sentenced to seven

years of Level V incarceration, suspended for decreasing levels of supervision, on the remaining charges. This Court dismissed Coleman's untimely appeal of the Superior Court's judgment.[1]

(3) Coleman filed a petition for a writ of mandamus in this Court on February 13, 2015. In the petition, Coleman claims that his 2006 guilty plea to Possession with Intent to Deliver—one of the predicate offenses for his 2014 sentence as a habitual offender—was involuntary and unknowing. Coleman further contends that he cannot collaterally attack the 2006 conviction because Superior Court Criminal Rule 61 ("Rule 61"), as of June 4, 2014, was limited to "an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction"[2] and he is not in custody for the 2006 conviction. Before June 4, 2014, Rule 61 applied to "an application by a person in custody *or subject to future custody* under a sentence of this court seeking to set aside the judgment of conviction."[3] According to Coleman, the amendment of Rule 61(a)(1) entitles him to issuance of a writ of mandamus compelling review of his 2006 conviction even though he is not in custody for that conviction.

---

[1] *Coleman v. State*, 2014 WL 4629376 (Del. Sept. 16, 2014).

[2] Super. Ct. Crim. R. 61(a)(1) (as of June 4, 2014).

[3] Super. Ct. Crim. R. 61(a)(1) (before June 4, 2014) (emphasis added).

(4)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[4]  This Court "will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[5]  A writ of mandamus may not be used as a substitute for an appeal.[6]

(5)     A writ of mandamus is not warranted here because Coleman cannot show that the Superior Court has arbitrarily failed or refused to perform a duty owed to him.  Coleman's assumption that he could challenge his 2006 conviction before the June 4, 2014 amendment of Rule 61(a), even if he was no longer in custody for the 2006 conviction, is incorrect.  As we stated in 2008, "a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence."[7]  Coleman did not have standing before or after the amendment of Rule

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[5] *Id.*

[6] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).

[7] *Ruiz v. State*, 2008 WL 1961187, at *3 (Del. May 7, 2008).  *See also Epperson v. State*, 2003 WL 21692751, at *1 (Del. July 18, 2003) (affirming denial of postconviction motion because movant had been discharged as unimproved from probation associated with charges for which he

61(a)(1) to challenge his 2006 conviction once he was no longer in custody for that conviction. If Coleman wished to challenge his 2006 conviction, he could have filed a timely appeal or a motion for postconviction relief while in custody for the 2006 conviction.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

sought postconviction relief and was therefore no longer subject to custody for those charges); *Summers v. State*, 2003 WL 1524104, at \*1 (Del. March 20, 2003) (holding movant was not entitled to seek postconviction relief for 1993 conviction because he had been discharged from probation for 1993 conviction and was no longer in custody for 1993 conviction).