# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DANIEL M. | § No. 296, 2015 | |
| PASKINS, JR. FOR A WRIT OF | § | |
| MANDAMUS | | |

Submitted: June 23, 2015
Decided: August 25, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 25th day of August 2015, upon consideration of Daniel M. Paskins, Jr.'s petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) Paskins seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to correct the length of probation imposed on January 4, 2013 after Paskins' third violation of probation ("VOP") in Criminal ID No. 88S01362DI. For his third VOP in Criminal ID No. 88S01362DI, Paskins was sentenced to fifteen and a half years of Level V incarceration, suspended upon successful completion of the Greentree Program, to be followed by a total of eight and a half years of decreasing levels of supervision.[1] Paskins contends that this term of probation violates the Ex

---

[1] Because Paskins was originally sentenced in Criminal ID No. 88S01362DI in 1989, the two year-probationary term limit set forth in 11 *Del. C.* § 4333(b)(1) does not apply to his sentence.

Post Facto Clause of the United States Constitution and the Delaware Sentencing Accountability Commission guidelines because he was not sentenced to any probation for his first VOP in 1994.

(2)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3]

(3)     Having carefully considered the parties' positions, the Court concludes that Paskins has not shown that he lacked an adequate remedy to address the claim raised in his mandamus petition.  Paskins filed a notice of appeal from the Superior Court's January 4, 2013 order, but that appeal was dismissed after Paskins failed to file the Supreme Court filing fee or a motion to proceed *in forma pauperis* and failed to file a timely response to a notice to show cause.[4] Paskins also filed an untimely motion for postconviction relief under Superior Court Criminal Rule 61, which the Superior Court summarily dismissed.  This Court

---

*Paskins v. State*, 2012 WL 5948969, at *2 (Del. Nov. 27, 2012) (recognizing that Section 4333(b) probationary term limits do not apply retroactively to an original sentence before 2003).
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).
[4] *Paskins v. State*, 2013 WL 1098258 (Del. Mar. 14, 2013).

2

affirmed the Superior Court's judgment.[5] Paskins cannot use the extraordinary writ process as a substitute for a properly filed appeal. We also note that Paskins' contention that his 1994 VOP sentence did not include probation is incorrect—that sentence included ten years of probation.

(4) Given that there was an adequate remedy and this is Paskins' third time challenging the Superior Court's January 4, 2013 VOP order, we further conclude that Paskins' petition for a writ of mandamus is legally frivolous. If Paskins continues to file frivolous claims relating to Criminal ID No. 88S01362DI in this Court, he will be enjoined from filing future claims without leave of the Court.[6]

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

---

[5] *Paskins v. State*, 2015 WL 177415 (Del. Jan. 14, 2015).

[6] We previously directed the Clerk, in the absence of a specific order of this Court, not to accept further notices of appeal or petitions for extraordinary relief filed by Paskins in Criminal ID Nos. 9312003318 and 9312006327. *In re Paskins*, 2010 WL 1462361, at *2 (Del. Apr. 12, 2010); *Paskins v. State*, 1998 WL 67728, at *1 (Del. Jan. 6, 1998).

3