IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DAVID J. PANZER | § | No. 413, 2017 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: October 13, 2017
Decided: November 15, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 15th day of November 2017, upon consideration of David J. Panzer's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    Panzer seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to review and overturn his convictions for Arson in the Second Degree and Possession of a Bomb/Incendiary Device.  We conclude that Panzer's petition manifestly fails to invoke the original jurisdiction of this Court.  The petition must therefore be dismissed.

(2)    In May 2014, a Superior Court jury found Panzer guilty of Arson in the Second Degree and Possession of a Bomb/Incendiary Device.  On January 23, 2015, the Superior Court sentenced Panzer as follows: (i) for Arson in the Second Degree, eight years of Level V incarceration, suspended for five years of Level IV Home Confinement, suspended after nine months for two years of Level III probation; and

(iii) for Possession of a Bomb/Incendiary Device, five years of Level V incarceration, suspended for two years of Level III concurrent probation. Panzer did not appeal the Superior Court's judgment.

(3) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3]

(4) Panzer has not satisfied any of the criteria for issuance of a writ of mandamus. He could have obtained review of his convictions by filing a notice of appeal from his January 23, 2015 sentencing order, but did not do so. Panzer cannot use the extraordinary writ process as a substitute for a properly filed appeal. There is no basis for issuance of a writ of mandamus.

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice