IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF OSCAR MARTINEZ | § | No. 488, 2017 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: December 20, 2017
Decided: January 22, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### **O R D E R**

This 22nd day of January 2018, upon consideration of Oscar Martinez's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) Martinez seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to review the legality of H.B. 18, which amended 11 *Del. C.* § 4214 on April 13, 2017. We conclude that Martinez's petition manifestly fails to invoke the original jurisdiction of this Court. The petition must therefore be dismissed.

(2) On September 14, 2009, Martinez pled guilty to Robbery in the Second Degree in Criminal ID No. 0905009708. On January 15, 2010, the Superior Court granted the State's motion to declare Martinez a habitual offender under § 4214(a) and sentenced Martinez to ten years of incarceration followed by six months of Level III probation. Martinez did not file a direct appeal. Between February 2010 and July 2017, Martinez filed unsuccessful motions for modification of sentence,

motions for postconviction relief, and petitions for writs of of habeas corpus. On November 13, 2017, Martinez filed a motion for questions of law to the Supreme Court.

(3) On November 22, 2017, Martinez filed a petition for a writ of mandamus in this Court. Martinez sought issuance of a writ of mandamus directing the Superior Court to review questions of law relating to the legality of H.B. 18. The petition included a motion for certification of questions of law relating to H.B. 18. In its answer and motion to dismiss, the State argues Martinez has not met the requirements for issuance of a writ of mandamus or certification of a question of law.

(4) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*

appeal.[3]  Martinez has not satisfied any of the criteria for issuance of a writ of mandamus.

(5)    If Martinez raised the legality of H.B. 18 in a motion denied by the Superior Court, then he had an adequate remedy in the appellate process.[4]  To the extent Martinez seeks a writ of mandamus compelling the Superior Court to review the motion for questions of law he filed on November 13, 2017, the passage of two months since he filed that motion in the Superior Court does not constitute an arbitrary failure or refusal to act by the Superior Court.[5]  To the extent Martinez seeks a writ of mandamus directing the Superior Court to grant his motion for questions of law, this Court will not order the Superior Court to decide a matter in a particular way.[6]  There is no basis for issuance of a writ of mandamus here.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

[4] *See id.*

[5] *See, e.g., In re Coleman*, 2015 WL 1565771, at *1 (Del. Apr. 6, 2015) (dismissing petition for writ of mandamus based on motion for postconviction relief that had been pending for six months); *In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (dismissing petition for writ of mandamus based on motion for modification of sentence that had been pending for five months).

[6] *See supra* n.2.