IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF PAUL E. WEBER | § No. 169, 2018 |
| FOR A WRIT OF MANDAMUS | § |

Submitted: April 23, 2018
Decided: May 30, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 30th day of May 2018, upon consideration of Paul E. Weber's petition for a writ of mandamus and the State's answer and motion to dismiss,[1] it appears to the Court that:

(1)    Weber seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to allow him to challenge his Forgery in the Second Degree conviction under Superior Court Criminal Rule 35(a). We conclude that Weber's petition manifestly fails to invoke the original jurisdiction of this Court. The petition must therefore be dismissed.

(2)    In 2001, a Superior Court jury found Weber guilty of Forgery in the Second Degree and Misdemeanor Theft. Weber was sentenced to 30 days of Level

---

[1] On May 11, 2018, Weber filed a motion for leave to respond to the answer and motion to dismiss. Supreme Court Rule 43 provides that after an answer is filed "unless the Court otherwise directs, no further submissions of the parties shall be accepted." The Court did not direct the filing of further submissions and finds no basis to do so after considering the appellant's motion.

V incarceration for each conviction. This Court dismissed Weber's direct appeal based on its lack of jurisdiction to hear a criminal appeal unless the sentence imposed is a term of imprisonment exceeding one month or a fine exceeding $100.[2]

(3) After Weber was convicted of Attempted Robbery in the First Degree and Attempted Carjacking in the First Degree in 2005, the Superior Court granted the State's petition to declare Weber an habitual offender under 11 *Del C.* § 4214(a). Weber's Forgery in the Second Degree conviction was one of the predicate offenses. On appeal, Weber argued that, among other things, his Forgery in the Second Degree conviction did not qualify as a predicate offense under 11 *Del. C.* § 4214(a) because he had no right to appeal. This Court held that Weber's Forgery in the Second Degree conviction was a qualifying offense under § 4214(a) and the unavailability of a direct appeal did not change this result.[3] We noted that Weber could have filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a) or a petition for a writ of certiorari.[4] We reversed the Attempted Robbery in the First Degree conviction on other grounds, remanded for a new trial, and affirmed the Attempted Carjacking in the First Degree conviction.[5]

---

[2] *Weber v. State*, 2002 WL 31235418, at *1 (Del. Oct. 4, 2002) (citing Del. Const. art IV, § 11(1)(b)).
[3] *Weber v. State*, 971 A.2d 135, 158-60 (Del. 2009).
[4] *Id.* at 159-60.
[5] *Id.* at 143.

(4)     On remand, Weber was convicted of Attempted Robbery in the First Degree.  The State again filed a motion to declare Weber an habitual offender under § 4214(a).  The Superior Court granted the motion and sentenced Weber to twenty-five years of Level V incarceration for Attempted Robbery in the First Degree.  We affirmed Weber's conviction and sentence on direct appeal.[6]

(5)     In his petition for a writ of mandamus, Weber argues that the Superior Court has not allowed him to challenge his Forgery in the Second Degree conviction under Superior Court Criminal Rule 35(a).  He claims that the Superior Court rejected his attempts to do so in an April 30, 2013 order denying his motion for appointment of counsel and an April 20, 2016 order denying his motion for default, summary, and relief of judgment in his Forgery in the Second Degree case.  The record does not reflect that Weber appealed the April 20, 2016 order.

(6)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[7]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a

---

[6] *Weber v. State*, 38 A.3d 271 (Del. 2012).
[7] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

3

particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[8]

(7) Weber has not satisfied the criteria for issuance of a writ of mandamus. He has not shown that the Superior Court arbitrarily refused to perform a duty owed to him. In addition, he could have filed a notice of appeal from the Superior Court's April 20, 2016 order, but did not do so. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[8] *Id.*
[9] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).