IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF KEVIN HENRY | § No. 243, 2019 |
| BOONE FOR A WRIT OF | § |
| MANDAMUS | § |

Submitted: June 17, 2019
Decided: July 30, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Kevin Henry Boone, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to deem his December 2017 VOP sentence illegal and to prepare a transcript of the VOP hearing at State expense. We conclude that the petition is without merit and must therefore be dismissed.

(2) In December 2013, Boone pled guilty to one count of dealing in child pornography and three counts of possessing child pornography. The Superior Court sentenced Boone to twenty-four years of Level V incarceration, suspended after three years for decreasing levels of supervision. Boone did not appeal. On December 20, 2017, the Superior Court found that Boone violated his probation and sentenced him to twenty-one years of Level V incarceration, suspended after

Boone's successful completion of the Level V Transitions Program for decreasing levels of supervision. Boone did not appeal.

(3) On February 23, 2018, Boone filed a motion for reduction of sentence, which the Superior Court denied. Boone did not appeal. On May 4, 2018, Boone filed a motion for correction of sentence, arguing that his VOP sentence was illegal. The Superior Court denied the motion. This Court affirmed the Superior Court's judgment.[1]

(4) On July 20, 2018, Boone filed a motion for a transcript of the VOP hearing at State expense and a motion for appointment of counsel. On November 1, 2018, Boone filed a motion for postconviction relief under Superior Court Criminal Rule 61, which was referred to a Superior Court Commissioner. Boone filed another motion for a transcript of the VOP hearing on November 21, 2018. On February 6, 2019, the Superior Court denied Boone's motions for appointment of counsel and transcripts. The State responded to Boone's motion for postconviction relief on May 8, 2019. Boone's motion for postconviction relief remains pending in the Superior Court.

(5) In his petition for a writ of mandamus, Boone asks for his 2017 VOP sentence to be declared illegal and for preparation of the VOP hearing transcript at State expense. A writ of mandamus will only issue if the petitioner can show: (i) a

---

[1] *Boone v. State*, 2018 WL 4908383 (Del. Oct. 9, 2018).

2

clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(6) There is no basis for the issuance of a writ of mandamus in this case because Boone has an adequate legal remedy. Boone could have appealed his VOP, but did not do so. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[4] Boone already raised some of the issues concerning his VOP sentence in his motion for correction of sentence. The fact that the motion was unsuccessful does not mean Boone is now entitled to mandamus relief. If the Superior Court denies Boone's motion for postconviction relief, he may appeal to this Court for a review of that final judgment, which will bring up any interlocutory rulings (such as the denial of the motion for a transcript of the VOP hearing) for review as well.[5]

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Id.*

[4] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

[5] *See, e.g., In re Greyson*, 2010 WL 3673025, at *1 (Del. Sept. 21, 2010) (dismissing petition for a writ of mandamus for transcripts and noting that the petitioner could seek transcripts in postconviction process and raise the denial of a motion for transcripts in an appeal of a final order denying the motion for postconviction relief).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice