IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF BRENT HARRIS | § | No. 3, 2020 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted:  March 4, 2020
Decided:     April 3, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Brent Harris, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to compel his former counsel to produce files for another person that he claims is related to his case.  We conclude that the petition is without merit and must therefore be dismissed.

(2)     In April 2019, Harris pled guilty to aggravated possession in Criminal ID No. 1805011554.  The Superior Court sentenced Harris to twenty-five years of Level V imprisonment, suspended after two years for one year of Level III probation. Harris did not file a direct appeal.

(3)     On September 3, 2019, Harris filed a motion for postconviction relief under Superior Court Criminal Rule 61.  On September 30, 2019 and December 16,

2019, Harris filed motions to compel discovery from his former counsel. He sought the case files of another person that he claimed was related to his case. A Superior Court Commissioner denied the motions.

(4) In his petition for a writ of mandamus, Harris seeks issuance of a writ of mandamus directing his former counsel to produce the case files. A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(5) There is no basis for the issuance of a writ of mandamus in this case. "Mandamus may not be used under any circumstances…to review interlocutory orders in criminal cases."[3] Until the Superior Court judge rules upon Harris's Rule 61 motion,[4] the denial of his motion to compel discovery is an interlocutory order that is not subject to review by this Court.[5]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Middlebrook*, 2000 WL 975060, at *1 (Del. May 30, 2000).
[4] The Superior Court Commissioner has recommended denial of the motion, but the Superior Court judge has not yet ruled on it.
[5] *See, e.g., In re Shockley*, 2005 WL 2475731, at *2 (Del. Aug. 16, 2005) (recognizing that a Superior Court order denying defendant's motions to compel discovery so he could prepare a Rule 61 motion was interlocutory).

(6)     In addition, Harris has an adequate remedy at law.  If the Superior Court denies Harris's motion for postconviction relief, he may appeal to this Court for a review of that final judgment, which will bring up any interlocutory rulings (such as the denial of his motions to compel) for review as well.[6]   A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *See id.* (dismissing petition for a writ of mandamus seeking discovery because the petitioner had an adequate legal remedy in the postconviction proceedings and the appellate process).

[7] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).