IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MARK GRAYSON | § | No. 66, 2020 |
| FOR WRIT OF MANDAMUS | § | |

Submitted: April 15, 2020
Decided: May 22, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Mark Grayson, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to rule on a motion for postconviction relief he filed in Criminal ID No. 1109006589. We conclude that the petition is without merit and must therefore be dismissed.

(2) The record reflects that, in May 2012, a Superior Court jury found Grayson guilty of possession with intent to deliver within 300 feet of a park and resisting arrest in Criminal ID No. 1109006589. The Superior Court sentenced Grayson to a total of nine years of Level V incarceration suspended after two years

for decreasing levels of supervision. This Court affirmed Grayson's convictions on direct appeal.[1]

(3) On May 6, 2013, Grayson filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61. The Superior Court appointed an attorney from the Office of Conflicts Counsel to represent Grayson. Grayson's counsel filed a motion to withdraw, but the Superior Court directed counsel to file an amended postconviction motion addressing Grayson's claim that his trial counsel was ineffective for failing to file a motion to suppress. On May 7, 2014, Grayson's counsel filed an amended motion for postconviction relief and sought a stay while the State investigated problems at the Office of Chief Medical Examiner ("OCME"). The Superior Court stayed the proceedings. On May 13, 2014, the Public Defender's Office filed a motion for postconviction relief to vacate Grayson's drug conviction. The Superior Court permitted the Public Defender's Office to pursue the motion for postconviction relief on Grayson's behalf.

(4) On September 14, 2015, an administrative warrant was filed for Grayson's violation of probation. After a hearing on September 23, 2015, the Superior Court discharged Grayson from probation as unimproved for his drug and resisting arrest convictions. The Public Defender's Office filed additional materials relating to the posctonviction motion between December 2015 and April 2016. On

---

[1] *Grayson v. State*, 2013 WL 624972 (Del. Feb. 19, 2013).

July 7, 2017, the Superior Court denied the postconviction motion. The Superior Court held, among other things, that Grayson's discharge from probation meant he could no longer seek postconviction relief under Rule 61. Grayson did not appeal the Superior Court's judgment.

(5) On February 18, 2020, Grayson filed his petition for a writ of mandamus in this Court. He asked this Court to issue a writ of mandamus compelling the Superior Court to rule on the *pro se* motion for postconviction relief he filed in 2013. It appears that he is trying to reduce the enhanced sentence he received for possession of a firearm by a person prohibited in Criminal ID No. 1509003378B. The State has filed an answer and motion to dismiss Grayson's petition.

(6) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3] There is no basis for issuance of a writ of mandamus in this case.

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

(7)     Grayson has not shown that the Superior Court owed him a duty to review his 2013 motion for postconviction relief after he was discharged from probation in 2015.[4]  He has also failed to show a lack of adequate remedy.  If the Public Defender's Office did not have the authority to file a postconviction motion on Grayson's behalf as he now contends, he had several years to raise that claim in the Superior Court.  He did not do so.  Nor did he appeal the Superior Court's denial of the motion for postconviction relief filed by the Public Defender's Office.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.


BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *See, e.g.,* Superior Court Criminal Rule 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction…."); *Coleman v. State*, 2015 WL 5096047, at *2 (Del. Aug. 27, 2015) (recognizing that defendant who was discharged from probation and was not subject to future custody on conviction lacked standing to seek relief under Rule 61); *Summers v. State*, 2003 WL 1524104, at *1 (Del. Mar. 20, 2003) (holding movant was not entitled to seek postconviction relief for a 1993 conviction because he had been discharged from probation for the 1993 conviction and was no longer in custody for the 1993 conviction).

4