IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MICHAEL P. | § | No. 84, 2015 |
| YOUNGER FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: February 25, 2015
Decided: March 16, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 16th day of March 2015, upon consideration of the petition of Michael P. Younger for an extraordinary writ of mandamus, it appears to the Court that:

(1) The petitioner, Michael P. Younger, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to have all chain of custody documents produced to Younger. The State of Delaware has filed an answer and motion to dismiss Younger's petition. After careful review, we find that Younger's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) In September 2012, Younger was indicted for multiple drug offenses. Younger pled guilty to one count of Tier 5 Possession in exchange for the State dismissing the other charges. On April 12, 2013, the Superior Court granted the State's motion to declare Younger a habitual offender and sentenced Younger to

five years of Level V incarceration Key Program.[1] Younger did not appeal the Superior Court's judgment.

(3) On April 17, 2014, Younger filed a *pro se* motion for postconviction relief.[2] On April 25, 2014, the Superior Court ordered the Office of Conflicts Counsel to appoint Younger counsel. Younger filed a *pro se* amended memorandum of law in support of his motion for postconviction relief on May 27, 2014. Younger's motion for postconviction relief remains pending in the Superior Court.

(4) Younger filed this petition for a writ of mandamus on February 23, 2015. Younger claims that chain of custody documents are vital to his motion for postconviction relief and have been withheld from him. He also claims to have no other legal remedy for obtaining the chain of custody documents.

(5) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[3] This Court "will not issue a writ of mandamus to compel a trial court to

---

[1] Younger was also sentenced at this time for his guilty plea to Possession of Drug Paraphernalia in a different case. Younger's petition for a writ of mandamus only refers to the case in which he pled guilty to Tier 5 Possession.

[2] A motion for postconviction relief was also filed in the case in which Younger pled guilty to Possession of Drug Paraphernalia.

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

2

perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4] A writ of mandamus may not be used as a substitute for an appeal.[5]

(6) Younger has not shown that he lacks an adequate legal remedy or that the Superior Court arbitrarily failed or refused to perform a duty owed to him. As part of the postconviction proceedings, expansion of the record to include chain of custody documents can be requested.[6] Younger's motion for postconviction relief is currently pending. If the motion for postconviction relief is denied, then issues relating to the production of the chain of custody documents can be raised in an appeal of the order denying the motion for postconviction relief.[7]

---

[4] *Id.*

[5] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).

[6] *In re Shockey*, 2005 WL 2475731, at *2 (Del. Aug. 16, 2005) (citing Superior Court Criminal Rule 61(g)).

[7] *Id.*

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice