be subject to litigation in Delaware over his conduct in connection with negotiating the Change of Control Agreements. Accordingly, requiring Hazout to defend Tsang's lawsuit in this state does not "offend traditional notions of fair play and substantial justice."[69]

## IV. CONCLUSION

Therefore, because § 3114 provides a statutory basis for personal jurisdiction over Hazout in Delaware, and because exercising that jurisdiction is consistent with Hazout's constitutional rights, we affirm the Superior Court's denial of Hazout's motion to dismiss.

**Thomas ALSTON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

ties operating in interstate and international commerce seek, by a choice of law provision, certainty as to the rules that govern their relationship. To hold that their choice is only effective as to the determination of contract claims, but not as to tort claims seeking to rescind the contract on grounds of misrepresentation, would create uncertainty of precisely the kind that the parties' choice of law provision sought to avoid.... To layer the tort law of one state on the contract law of

No. 38, 2016

Supreme Court of Delaware.

Submitted: February 19, 2016
Decided: February 26, 2016
Reargument Denied March 18, 2016

Court Below—Superior Court of the State of Delaware, Cr. No. 1401002421

DISMISSED.

**Norman MORRISEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 72, 2016

Supreme Court of Delaware.

Submitted: February 26, 2016
Decided: February 29, 2016

Court Below—Superior Court of the State of Delaware, Cr. ID No. 91006237DI

DISMISSED.

another state compounds that complexity and makes the outcome of disputes less predictable, the type of eventuality that a sound commercial law should not seek to promote."). But that matter is not before us, and is one to be determined in the first instance by the Superior Court upon briefing by the parties.

**69.** *Int'l Shoe*, 325 U.S. at 316, 65 S.Ct. 1137 (citing *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).