IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF NORMAN § No. 177, 2016
MORRISEY FOR A WRIT OF §
MANDAMUS §

Submitted: April 21, 2016
Decided: May 9, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 9th day of May 2016, upon consideration of Norman Morrisey's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) Morrisey seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to review his Rule 59(d) Motion to Alter or Amend Judgment or alternative Rule 60(b)(6) Motion for Judgment for Relief From Judgment or Order ("Motion to Alter"). The Motion to Alter was filed on February 3, 2016. In the Motion to Alter, Morrisey sought relief from a Superior Court order, dated January 12, 2016, denying his Motion for Correction of Sentence ("Motion for Correction").

(2) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its

duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3]

(3) The passage of three months since Morrisey filed the Motion to Alter does not constitute an arbitrary failure or refusal to act by the Superior Court.[4] To the extent Morrisey actually seems to be seeking appellate review of the denial of his Motion for Correction, he cannot use the extraordinary writ process as a substitute for a properly filed appeal. Morrisey filed a notice of appeal from the Superior Court order denying the Motion for Correction, but that appeal was dismissed as untimely.[5] Because Morrisey has failed to show that he is entitled the issuance of a writ of mandamus, his petition must be dismissed.

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).
[4] *See, e.g., In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (dismissing petition for writ of mandamus based on motion for modification of sentence that had been pending in Superior Court for five months).
[5] *Morrisey v. State*, 2016 WL 792385 (Del. Feb. 29, 2016).

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

3