IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DAMIER HARMON | § | No. 42, 2018 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: January 26, 2018
Decided: February 13, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This 13th day of February 2018, upon consideration of Damier Harmon's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     Harmon seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to grant his motion for appointment of postconviction counsel. We conclude that Harmon's petition manifestly fails to invoke the original jurisdiction of this Court. The petition must therefore be dismissed.

(2)     On November 29, 2016, Harmon pled guilty to Murder in the Second Degree, as a lesser included offense of Murder in the First Degree, and Possession of a Firearm During the Commission of a Felony. On February 28, 2017, Harmon was sentenced to fifty years of Level V incarceration, suspended after thirty years for decreasing levels of supervision. Harmon did not file a direct appeal.

(3) On August 7, 2017, Harmon filed motions for postconviction relief and appointment of counsel. On December 20, 2017, the Superior Court denied Harmon's motion for appointment of counsel and referred his motion for postconviction relief to a Superior Court Commissioner. On January 23, 2018, Harmon filed a petition for a writ of mandamus in this Court. He asks this Court to direct the Superior Court to reverse its ruling and grant his motion for appointment of counsel.

(4) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

(5)    Harmon has not satisfied any of the criteria for issuance of a writ of mandamus. Under Superior Court Criminal Rule 61(e)(3), the Superior Court may, but is not required, to appoint postconviction counsel for a defendant who pleads guilty.[4] Contrary to Harmon's contentions, *Martinez v. Ryan*[5] "does not stand for the proposition that an indigent defendant has a constitutional right to counsel in a first postconviction proceeding."[6] Harmon has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him. Harmon has also failed to show a lack of adequate remedy. If the Superior Court denies Harmon's motion for postconviction relief, he can raise the denial of his motion for appointment of counsel on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] Super. Ct. Crim. R. 61(e)(3) (providing the Superior Court may appoint postconviction counsel for defendant who pled guilty if the Superior Court determines, among other things, that the motion sets forth a substantial claim of ineffective assistance of counsel in relation to the guilty plea, granting the motion would result in vacatur of the judgment of conviction, and specific exceptional circumstances warrant the appointment of counsel).

[5] 132 S. Ct. 1309 (2012).

[6] *Bunting v. State*, 2015 WL 2147188, at *2 (Del. May 5, 2015).