IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF SARAH PEAL[1] | § No. 54, 2018 |
| FOR A WRIT OF MANDAMUS | § |

Submitted: February 19, 2018
Decided: March 14, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

This 14th day of March 2018, upon consideration of Sarah Peal's petition for a writ of mandamus,[2] it appears to the Court that:

(1)    Peal seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Family Court to enforce the removal of her case to the United States District Court for the District of Delaware.  We conclude that Peal's petition manifestly fails to invoke the original jurisdiction of this Court.  The petition must therefore be dismissed.

(2)    The petition appears to arise from child support arrears proceedings in the Family Court.  Peal argues that the Family Court should not have held a hearing on May 13, 2013 because she had removed the case to the Delaware District Court.

---

[1] The Court previously assigned a pseudonym to the petitioner under Supreme Court Rule 7(d).

[2] No responses to the petition were filed.

On July 10, 2013, the Delaware District Court found that Peal failed to establish to a right to removal and summarily remanded the case to the Family Court.[3]

(3)    A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[4] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[5]  A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[6]

(4)    Peal has not satisfied the criteria for issuance of a writ of mandamus. First, the Family Court docket does not reflect that Peal filed the notice of removal with the Family Court.[7]  Second, to the extent Peal objected to the May 13, 2013 hearing and issuance of a capias, she could have attended the hearing and sought

---

[3] 2013 WL 3500994, at *2 (D. Del. July 10, 2013).

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[5] *Id.*

[6] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965)).

[7] 28 U.S.C. 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

review of the Family Court's Commissioner's rulings.[8]  The extraordinary writ process is not a substitute for a properly filed appeal.[9]  There is no basis for issuance of a writ of mandamus here.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] Fam. Ct. Civ. R. 53.1(a) (party may appeal an interim or final order of a commissioner to the Family Court unless in default of appearance before the commissioner).
[9] *See supra* n.5.