IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF SHAMAR § No. 622, 2018
STANFORD FOR A WRIT OF § 
MANDAMUS § 

Submitted: January 10, 2019
Decided: February 7, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Shamar Stanford, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to prepare transcripts for him at State expense. We conclude that the petition is without merit and must therefore be dismissed.

(2) On December 12, 2016, Stanford pled guilty to Possession of a Firearm by a Person Prohibited and Endangering the Welfare of a Child. He was sentenced the same day. Stanford did not file a timely direct appeal,[1] but did file multiple motions and letters in the Superior Court, including a request for preparation of a transcript of a December 2, 2016 suppression hearing. The Superior Court denied

---

[1] He filed an untimely notice of appeal on March 19, 2018, which was dismissed after he failed to respond to the notice to show cause.

the request on February 6, 2017 and another request for preparation of the same transcript on March 2, 2017.

(3)     On January 12, 2017, Stanford filed a motion for postconviction relief under Superior Court Criminal Rule 61. He amended and supplemented the motion throughout the winter and spring of 2017. The Superior Court denied the motion. On May 15, 2018, this Court affirmed the Superior Court's denial of Stanford's motion for postconviction relief.[2] On appeal, Stanford did not raise the denial of his transcript requests or argue that the transcripts were necessary to his postconviction motion.

(4)     On July 12, 2018, Stanford filed another motion for transcripts. The Superior Court denied the motion on July 16, 2018. Stanford subsequently filed a motion to amend the denied motion on July 26, 2018, a motion for postconviction relief on October 1, 2018, and a motion for transcript on November 16, 2018. On December 20, 2018, the postconviction motion was reassigned to a commissioner. The Superior Court docket does not reflect any activity since then.

(5)     In his petition for a writ of mandamus, Stanford seeks preparation, at State expense, of transcripts for his December 9, 2015 preliminary hearing, his January 19, 2016 arraignment, his December 2, 2016 motion to suppress, and his December 12, 2016 plea and sentencing. A writ of mandamus will only issue if the

---

[2] *Stanford v. State*, 2018 WL 2230702 (Del. May 15, 2018).

petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(6) There is no basis for the issuance of a writ of mandamus in this case. First, Stanford cannot show that the Superior Court has arbitrarily refused to perform a duty owed to him. An indigent defendant is entitled to a free transcript in order to pursue a direct appeal, but there is no absolute right, absent a showing of good cause, to free transcripts on collateral review.[5]

(7) Second, Stanford has an adequate legal remedy. As for the Superior Court's denial of his motion for transcripts in 2017, he could have raised his need for transcripts in his postconviction motion and on appeal from the Superior Court order denying his motion for postconviction relief. A timely appeal from a final order denying postconviction relief brings up any interlocutory rulings for review, including the denial of transcripts.[6] Stanford did not raise the denial of transcripts

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*
[5] *In re Williams*, 2014 WL 1365826, n.4 (Del. Apr. 4, 2014) (citing *United States v. MacCollom*, 426 U.S. 317, 323-25 (1976)).
[6] *Middlebrook v. State*, 2000 WL 975060, at *1 (Del. May 30, 2000).

3

on appeal. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[7] If the Superior Court denies Stanford's pending motions for postconviction relief and for transcripts, he can raise the denial of his motion for transcripts in the appeal of the denial of his postconviction motion.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *In re Noble*, 2014 WL 5823030, at \*1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).