WILLIAM E. HARTMAN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 485, 2007.
Supreme Court of Delaware.
Submitted: April 30, 2008.
Decided: July 14, 2008.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER [OJ]
MYRON T. STEELE, Chief Justice [MT]
This 14th day of July 2008, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) Following a bench trial in the Superior Court[1], William Hartman was convicted of three counts of second degree rape, one count of fourth degree rape, and one count of third degree unlawful sexual contact.[2] The Superior Court sentenced him to a total period of thirty-three years at Level V incarceration. This is Hartman's direct appeal. He raises two issues in his opening brief on appeal. We find no merit to either issue. Accordingly, we affirm the Superior Court's judgment.
(2) The essential facts underlying Hartman's convictions are not in dispute because Hartman admits that he had sex with his teenage daughter on multiple occasions. His defense was that the acts were consensual because his daughter never told him no or tried to escape. On appeal, Hartman contends that his multiple convictions involving his daughter violate double jeopardy principles. He also contends that the acts should have been treated as incest.[3] Hartman's second argument is that he was denied due process because he did not receive evidence he requested in his pretrial discovery motions.
(3) Hartman's double jeopardy argument has no merit. Hartman's daughter testified, and Hartman conceded, that the four acts involving his daughter occurred at different times, weeks or even months apart. Thus, even though the criminal conduct was similar on each occasion, the record provides sufficient evidence that Hartman formed a separate intent on each occasion to commit a distinct criminal act against his daughter.[4] Consequently, there is no merit to Hartman's double jeopardy argument. Furthermore, we reject Hartman's suggestion that, at most, he was guilty only of incest. It was within the prosecutor's discretion to charge Hartman in the Superior Court under the rape statute rather than in the Family Court under the incest statute.[5] The evidence at trial was more than sufficient to support the Superior Court's guilty verdict beyond a reasonable doubt. Thus, we find no merit to Hartman's claim.
(4) Hartman next argues that he was denied due process because the State failed to provide him certain discovery materials, namely his daughter's interview, his own statements, a search warrant, "squad car audio," and crime scene photos. Hartman argues that these materials would have been used to impeach witnesses and would have proved his innocence. We find no merit to this claim. In the first instance, the record supports the conclusion that Hartman's counsel from his first trial provided Hartman with all discovery materials prior to his retrial, with the exception of his daughter's interview and the "squad car audio," which does not appear to exist. The record reflects that the Superior Court gave Hartman two different opportunities, prior to the start of his retrial, to view his daughter's interview. Moreover, given that the only issue at trial was Hartman's defense of consent, which both victims denied, Hartman cannot establish how any allegedly missing evidence could have undermined confidence in the Superior Court's verdict.[6] Consequently, we find no merit to Hartman's due process argument.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Hartman initially was tried and convicted by a Superior Court jury. On appeal, this Court reversed Hartman's convictions on the ground that he had been denied his constitutional right to represent himself at trial. Hartman v. State, 918 A.2d 1138 (Del. 2007). Accordingly, the matter was remanded. Hartman represented himself at the retrial and continues to act as his own counsel on appeal.
[2] Hartman's daughter was the victim of the first four counts and his daughter's friend was the victim of the unlawful sexual contact charge.
[3] See 11 Del. C. § 766(a) (setting forth the elements of incest).
[4] Pierce v. State, 911 A.2d 793, 796 (Del. 2006).
[5] Drake v. State, 2002 WL 200961 (Del. Feb. 4, 2002) (citing Albury v. State, 551 A.2d 53, 61-62 (Del. 1988)).
[6] See Jackson v. State, 770 A.2d 506, 516 (Del. 2001).