IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF CHRISTOPHER | § | No. 32, 2019 |
| KING FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: February 12, 2019
Decided: April 9, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Christopher King, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to transfer his Rape in the Second Degree case to Family Court. We conclude that the petition is without merit and must therefore be dismissed.

(2) On March 16, 2015, King pled guilty to Burglary in the Second Degree in Criminal ID No. 1408020918 and Rape in the Second Degree in Criminal ID No. 1408022997 in exchange for the dismissal of other charges.[1] The Superior Court sentenced King as follows: (i) for Rape in the Second Degree, twenty-five years of Level V incarceration, suspended after seventeen years for decreasing levels of

---

[1] The Court has taken judicial notice of these cases.

supervision; and (ii) for Burglary in the Second Degree, seven years of Level V incarceration. King did not appeal his convictions or sentence. On January 24, 2019, King filed this petition for a writ of mandamus, contending that his Rape in the Second Degree case must be transferred to the Family Court because he was related to the victim and should have been charged with Incest, a misdemeanor in the exclusive jurisdiction of the Family Court, instead of Rape in the Second Degree, a felony in the jurisdiction of the Superior Court.

(3) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[2] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[3] There is no basis for the issuance of a writ of mandamus in this case.

(4) King has not shown a clear right to be charged with Incest instead of Rape in the Second Degree and have his case transferred to Family Court. As this Court has previously recognized, it is within the prosecutor's discretion to charge someone "in the Superior Court under the rape statute rather than in the Family Court

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

2

under the incest statute."[4]  The State has broad discretion to determine what charges should be brought "[a]s long as a prosecution is undertaken in good faith and in a nondiscriminatory manner."[5]  King alleges nothing to suggest the prosecution was undertaken in bad faith or in a discriminatory manner.  In addition, King had an adequate legal remedy.  He could have proceeded to trial and appealed his convictions or sought postconviction review, but did not do so.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[4] *Hartman v. State*, 2008 WL 2723573, at *1 (Del. July 14, 2008) (finding no merit to defendant's argument that he was guilty, at most, of incest and should have been charged with incest instead of rape).  *See also Drake v. State*, 2002 WL 200961, at *1 (Del. Feb. 4, 2002) (recognizing the State's discretion to prosecute defendant under the rape statute in Superior Court instead of under incest statute in Family Court); *Murdter v. State*, 2001 WL 762859, at *1 (Del. June 21, 2001) ("As a matter of Delaware law, when, as here, a father is alleged to have had sexual intercourse with his minor daughter, he can be charged in the Superior Court with the offense of Unlawful Sexual Intercourse in the First Degree.").

[5] *Harden v. State*, 2001 WL 791961, at *1 (Del. June 28, 2001) (citing *Albury v. State*, 551 A.2d 53, 61-62 (Del. 1988)).