**In the Matter of Rodney V. HITCHENS' Petition for Writ of Mandamus.**

Supreme Court of Delaware.

Submitted: Oct. 18, 1991.
Decided: Oct. 28, 1991.

**38**

Rodney V. Hitchens, pro se.

Loren C. Meyers, Deputy Atty. Gen., Dept. of Justice, Wilmington, for respondent.

Before CHRISTIE, C.J., WALSH, and HOLLAND, JJ.

HOLLAND, Justice:

The petitioner, Rodney V. Hitchens ("Hitchens"), was charged originally with Rape in the First Degree, Kidnapping in the First Degree, and Robbery in the First Degree. Following a non-jury trial in the Superior Court, Hitchens was convicted of rape, robbery, and unlawful imprisonment. Hitchens' convictions were affirmed by this court in 1987, following a direct appeal.[1]

On September 26, 1991, Hitchens sought to invoke the original jurisdiction of this Court by filing a petition for a writ of mandamus.[2] The respondents named in Hitchens' petition for a writ of mandamus are the assistant public defenders who represented him at trial. Hitchens' petition seeks to have this Court compel the assistant public defenders to answer his letters and to release certain documents from their files.

This Court's original jurisdiction to issue extraordinary writs is set forth primarily in Article IV, § 11(6) of the Delaware Constitution. Pursuant to that section of the Delaware Constitution, this Court's original jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a court or a judge thereof. *See* 3 *Debates and Proceedings of the Constitutional Convention* 1785 (1958 ed.); *State v. Harrington*, Del.Supr., 27

1. *Hitchens v. State*, Del.Supr., 539 A.2d 193 (1988) (ORDER).

2. On September 20, 1991, this Court dismissed Hitchens' appeal from an order of the Superior Court, dated July 15, 1991. In that order, the

A.2d 67 (1942). Consequently, this Court is without jurisdiction to issue a writ of mandamus to a nonjudicial public official or to a private person.

The assistant public defenders named by Hitchens are not judges. Therefore, this Court is without jurisdiction to issue a writ of ·mandamus directed to them.[3] Thus, Hitchens' petition for a writ of mandamus fails to properly invoke the original jurisdiction of this Court. Del.Const. art. IV, § 11(6). Accordingly, it is DISMISSED.

Superior Court denied Hitchens' second motion for postconviction relief.

3. *Accord In re Getz*, Del.Supr., 583 A.2d 660 (1990) (ORDER).