ORDER OF THE COURT

PATRICIA SEKAQUAPTEWA, Justice Pro Tern.
It is hereby ORDERED that the Expedited Petition for Extraordinary Writ of Mandamus and Expedited Motion to Stay Proceedings to Enforce a Judgment are DISMISSED WITHOUT PREJUDICE for failure to file certification of service to all parties in this matter with the clerk of the court per HIRCCP § II Rule 2(b)(1).
This sua sponte dismissal is without prejudice, and does not serve as an adjudication on the merits of the issue. However, petitioner is advised that he may wish to re-file his petitions with the Hopi Trial Court, as H.T.O. 21.1.2.6. states that “The Appellate Court shall have power to issue any-writs or orders necessary and proper to the complete exercise of its jurisdiction, or to prevent or remedy any act of the Trial Comí, beyond such Conti’s jurisdiction, or to cause a Trial Court to act where the Trial Court un lav fully fails or refuses to act within its jurisdiction.” H.T.O. 21.1.2.5. delimits Appellate Court jurisdiction “to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe.”
Other jurisdictions similarly require the filing of petitions for writs of mandamus directed to non-judicial officers to be filed and disposed of in the first instance at the trial court level. See the Delaware Supreme Court’s decision in Matter of Hitch-ens’ “this Court’s original jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a court or a judge thereof.... Consequently, this Court is without jurisdiction to issue a writ of mandamus to a nonjudicial public official or to a private person.” Matter of Hitchens’, 600 A.2d 37, 38 (Del.1991).
The issue of whether the Hon. Gary LaRanee was acting in the role of Presiding Officer of the Hopi Tribal Council or in the role of Chief Judge of the Hopi Trial Court, must be determined by the trial court in the first instance.
It is so ordered.