IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | § | |
| OF DEVON ANTHONY BROWN FOR | § | No. 338, 2014 |
| A WRIT OF MANDAMUS | § | |

Submitted: July 1, 2014
Decided: July 24, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 24th day of July 2014, upon consideration of the petition of Devon Anthony Brown for an extraordinary writ of mandamus and the State's motion to dismiss, it appears to the Court that:

(1)     Brown seeks to invoke the original jurisdiction of this Court to issue a writ of mandamus directed to the Department of Health and Social Services ("DHSS") to compel DHSS to pay certain benefits Brown claims to be owed and to pay damages for his pain and suffering.  The State of Delaware has filed a response and motion to dismiss Brown's petition. After careful review, we find that Brown's petition fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.

(2)     In 2007, Brown applied to DHSS for food stamps.  DHSS initially denied Brown's request.  In January 2008, a DHSS hearing officer reversed the denial and found that Brown was entitled to benefits.  Apparently that order was not implemented until February 2009, at which time Brown was issued three

months' worth of food stamps. Brown filed a complaint in the Superior Court, which granted summary judgment to DHSS, among other reasons, because DHSS was immune from suit and because Brown had received all of the benefits to which he was entitled.[1] Brown did not appeal the Superior Court's dismissal of his complaint.

(3) Nearly five years later, on April 14, 2014, Brown filed a document in the Superior Court purporting to appeal from the DHSS hearing officer's decisions dated January 23, 2008 and January 13, 2009. The Superior Court dismissed Brown's appeal on April 16, 2014. Brown filed his current petition for a writ of mandamus in this Court on June 23, 2014, requesting that DHSS be compelled to pay him back-benefits and damages.

(4) A writ of mandamus is an extraordinary remedy that may be issued by this Court to compel a trial court to perform a duty owed to the petitioner.[2] The Court's original jurisdiction to issue an extraordinary writ of mandamus is limited to instances when the respondent is a court or judge thereof.[3] In this case, the Court has no original jurisdiction to issue a writ of mandamus directed to DHSS.[4]

---

[1] *Brown v. DHSS*, 2009 WL 2620729 (Del. Super. July 24, 2009).

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991).

[4] The Superior Court is the court with jurisdiction to issue a writ of mandamus to administrative boards and agencies to compel the performance of their official duties. *See Clough v. State*, 686 A.2d 158, 159 (Del. 1996); DEL. CODE ANN. tit. 10, § 564 (2013).

NOW, THEREFORE, IT IS ORDERED that Brown's petition for a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice