IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | § | |
| OF RYAN MATTHEW RESOP FOR A | § | No. 383, 2015 |
| WRIT OF MANDAMUS | § | |

Submitted: August 10, 2015
Decided: September 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## O R D E R

This 1st day of September 2015, upon consideration of the petition of Ryan Matthew Resop for an extraordinary writ of mandamus and the State's answer, it appears to the Court that:

(1) Resop seeks to invoke the original jurisdiction of this Court to issue a writ of mandamus directed to the Department of Correction ("DOC"), to the Office of Disciplinary Counsel ("ODC"), and to the attorney who represented his codefendant in a 2007 criminal case. The State of Delaware has filed an answer and motion to dismiss Resop's petition. After careful review, we find that Resop's petition fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.

(2) In 2007, Resop pled guilty to multiple criminal offenses, including three counts of Robbery in the First degree. In 2009, Resop's codefendant, Jarrell Crawley, filed a motion for postconviction relief

alleging ineffective assistance of his trial counsel. In response, Crawley's trial counsel filed an affidavit, which included a statement that Resop had pled guilty and had agreed to testify against Crawley at trial.

(3) Resop contends the statement about him in counsel's affidavit was false. He states that he specifically rejected the State's first plea offer because he would *not* agree to testify against Crawley. As a result of counsel's false statement, which is included in documents that are available on Westlaw, Resop contends that he has been labeled a "snitch" by other inmates. He alleges that he has been assaulted by other inmates and that the DOC will not allow him to move into the general population or participate in the Key Program. Resop requests that a writ of mandamus be issued directing the DOC to allow him to enter the Key Program, directing the ODC to pursue disciplinary sanctions against Crawley's counsel, and directing counsel to file a document retracting his false statements.

(4) A writ of mandamus is an extraordinary remedy that may be issued by this Court to compel a trial court to perform a duty owed to the petitioner.[1] The Court's original jurisdiction to issue an extraordinary writ of mandamus is limited to instances when the respondent is a court or judge

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

thereof.[2]  In this case, the Court has no original jurisdiction to issue a writ of mandamus directed to the DOC,[3] to the ODC, or to counsel.

NOW, THEREFORE, IT IS ORDERED that Resop's petition for a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[2] *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991).

[3] The Superior Court is the court with jurisdiction to issue a writ of mandamus to administrative boards and agencies to compel the performance of their official duties. *See Clough v. State*, 686 A.2d 158, 159 (Del. 1996); DEL. CODE ANN. tit. 10, § 564 (2013).