IN THE SUPREME COURT OF THE STATE OF DELAWARE

| IN THE MATTER OF THE | § | |
|---|---|---|
| PETITION OF HARRY W. | § | No. 377, 2015 |
| ANDERSON FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: July 29, 2015
Decided: September 9, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 9th day of September 2015, upon consideration of the petition of Harry Anderson for an extraordinary writ of mandamus, it appears to the Court that:

(1)    The petitioner, Harry W. Anderson, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus compelling the Department of Correction to credit him with two years, nine months, and nine days of time served on his third violation of probation. The State of Delaware has filed an answer and asked the Court to deny Anderson's petition. After careful review, we find that Anderson's petition manifestly fails to invoke this Court's original jurisdiction.

(2)    This Court's "original jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a court or a judge thereof."[1] This Court

---

[1] *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991). *See also* Del. Const. of 1897 art. IV § 11(5) (defining Court's original jurisdiction to issue extraordinary writs).

does not have jurisdiction to issue a writ of mandamus directed to the Department of Correction.[2] Accordingly, Anderson's petition must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *See, e.g.*, *In re Johnson*, 2007 WL 4216981, at *1 (Del. Nov. 30, 2007) (dismissing petition for writ of mandamus directing Department of Correction officials to credit petitioner with accumulated good time).