IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MICHAEL NEWMAN[1] | § | No. 331, 2016 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: August 9, 2016
Decided: October 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 10th day of October 2016, it appears to the Court that:

(1)     Michael Newman filed a petition requesting this Court to issue an extraordinary writ of mandamus directed to: his ex-wife, Sarah Newman; the Family Court judge who has handled the parties' child custody proceedings; and the Division of Child Support Enforcement. Newman requests this Court to enforce a custody order entered by the Family Court in 2012 by stipulation of the parties. After careful consideration, we conclude that Newman's petition fails to invoke the Court's original jurisdiction and must be dismissed.

(2)     A writ of mandamus is an extraordinary remedy that may be issued by this Court to compel a trial court to perform a duty owed to the petitioner.[2] The Court's original jurisdiction to issue an extraordinary writ of mandamus is limited

---

[1] The Court has assigned pseudonyms under Supreme Court Rule 7(d), which are consistent with the pseudonyms assigned to Newman's appeal in No. 119, 2016.
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

to instances when the respondent is a court or judge thereof.[3]  In this case, the Court has no original jurisdiction to issue a writ of mandamus directed to Sarah Newman or to the Division of Child Support Enforcement.[4]

(3)  Moreover, a writ of mandamus will only be issued to a trial court or trial judge if the petitioner can show that he has a clear right to the performance of a duty, that no other adequate remedy is available, and that the trial court has arbitrarily failed or refused to perform its duty.[5]  In this case, the Family Court has jurisdiction to enforce or to modify its own custody orders.  We note that Newman filed a petition to modify custody, which the Family Court denied on February 16, 2016.  Newman's appeal from that ruling is currently pending before this Court in No. 119, 2016.

(4)  Newman's petition fails to invoke this Court's original jurisdiction to issue an extraordinary writ because he has an adequate and complete remedy in the appellate process.  This Court will not allow the extraordinary writ process to be distorted into a substitute for appellate review.[6]

---

[3] *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991).
[4] The Superior Court is the court with jurisdiction to issue a writ of mandamus to administrative boards and agencies to compel the performance of their official duties. *See Clough v. State*, 686 A.2d 158, 159 (Del. 1996); DEL. CODE ANN. tit. 10, § 564 (2013).
[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[6] *Matushefske v. Herlihy*, 214 A.2d 883 (Del. 1965).

NOW, THEREFORE, IT IS ORDERED that Newman's petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice