IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF CHRISTOPHER | § No. 257, 2019 |
| HARRY WEST FOR A WRIT OF | § |
| MANDAMUS | § |

Submitted: July 15, 2019
Decided: August 27, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus, the State's answer and motion to dismiss, and the motion for leave to amend the petition, it appears to the Court that:

(1) The petitioner, Christopher Harry West, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering his release from prison. He originally asked the Court to issue a writ of mandamus to the Department of Correction, but then sought to amend the petition to seek issuance of a writ of mandamus to a Superior Court judge. We conclude that the petition, even if amended, is without merit and must therefore be dismissed.

(2) The record reflects that, in January 2012, West pled guilty to Robbery in the First Degree and Robbery in the Second Degree. Through counsel, West agreed that he was eligible for sentencing as a habitual offender under 11 *Del. C.* § 4214. On March 30, 2012, the Superior Court declared West to be a habitual

offender and sentenced him to twenty-eight years of Level V incarceration, suspended after twenty-five years for decreasing levels of supervision. West did not file a direct appeal. Since his sentencing, West has filed three unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61 and an unsuccessful motion for correction of sentence under Rule 35.[1] The United States District Court for the District of Delaware denied West's petition for a writ of habeas corpus in 2017.[2]

(3) On June 17, 2019, West filed his petition for a writ of mandamus in this Court. He asked this Court to issue a writ of mandamus to the Department of Correction ordering his release from prison because the Superior Court refused to review new evidence that he was in a straightjacket at the time of his 2012 guilty plea and the Superior Court resentenced him without counsel in 2016. The State filed an answer and motion to dismiss, arguing that this Court lacks jurisdiction to issue a writ of mandamus to the Department of Correction and that West failed to establish a basis for issuance of a writ of mandamus. West filed a motion to amend his petition to name a Superior Court judge as the respondent, rather than the Department of Correction.

---

[1] *See, e.g., West v. State*, 2016 WL 5349354, at *1 (Del. Sept. 23, 2016) (affirming the Superior Court's denial of West's motion for correction of sentence); *West v. State*, 2016 WL 4547912, at *1 (Del. Aug. 31, 2016) (affirming the Superior Court's denial of West's third motion for postconviction relief under Rule 61).
[2] *West v. Metzger*, 2017 WL 4798124 (Del. Oct. 24, 2017).

(4)     This Court's original jurisdiction to issue a writ of mandamus is limited to circumstances where the respondent is a court or a judge.[3]  A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[4]  A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[5]

(5)     As an initial matter, this Court lacks jurisdiction to issue a writ of mandamus to the Department of Correction.[6]  Amendment of West's petition to name a Superior Court judge as respondent would be futile because there is no basis for the issuance of a writ of mandamus in this case.  West has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him, or that he was without an adequate remedy to address the claims he raises in his mandamus petition.  He could have raised those claims in the appellate process or under Rule 61.  In fact, he unsuccessfully raised the new evidence claim in his third motion for postconviction relief and the resentencing claim in his motion for sentence

---

[3] Del. Const. Art. IV, § 11(5); *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991).
[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[5] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).
[6] *See supra* n. 3.  *See also In re Resop*, 2015 WL 5168155, at *1 (Del. Sept. 1, 2015) (recognizing this Court's lack of jurisdiction to issue a writ of mandamus to the Department of Correction).

correction.  The fact that West's motions and appeals were unsuccessful[7] does not mean West is now entitled to mandamus relief.  As to West's argument that Rule 61 as amended in 2014 places unconstitutional limits on his right to court access and violates due process, this Court has previously found such arguments without merit.[8]

NOW, THEREFORE, IT IS ORDERED that West's motion to amend is DENIED and the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *West*, 2016 WL 5349354, at *2 (finding no merit to West's assertion that the Superior Court was required to appoint counsel to represent West at hearing that he mistakenly characterized as a resentencing hearing); *West*, 2016 WL 4547912, at *2 (affirming the Superior Court's denial of West's third postconviction motion and concluding that West failed to plead with particularity the existence of new evidence creating a strong inference of actual innocence where West characterized his physical restraints at the time of his plea as new evidence entitling him to relief).
[8] *Turnage v. State*, 2015 WL 6746644, at *2 (Del. Nov. 2015) (holding "amended Rule 61 provides more due process and access to the courts than is constitutionally required").