IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF MARK D. FRANKLIN FOR A WRIT OF MANDAMUS | § No. 486, 2019<br>§<br>§<br>§ |

Submitted: December 17, 2019
Decided: January 15, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, Mark D. Franklin, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering (i) the Superior Court to resentence him to Level IV probation instead of Level V incarceration, or (ii) the Department of Correction to house Franklin in a facility that will allow him to participate in the Transitions Sex Offender Program. We conclude that the petition is without merit and must be dismissed.

(2)    The record reflects that Franklin pleaded guilty to three counts of Rape Third Degree and was sentenced in 2005 to a total of thirty years in prison, suspended after fifteen years for probation.    After Franklin was released on probation, he was found in violation of probation ("VOP") four times.  On October 29, 2018, the Superior Court sentenced Franklin for his fourth VOP to thirteen years

and eleven months in prison, suspended after successful completion of the Transitions Sex Offender Program for probation. Franklin did not file a direct appeal, but on October 2, 2019, he filed a motion for correction of sentence. The Superior Court denied that motion, and Franklin's appeal is currently pending before this Court.

(3)    On November 20, 2019, Franklin filed a petition for a writ of mandamus in this Court. In the petition, Franklin asserts that he is housed in a secure-housing facility, where programs are not available. While housed in that facility, he is therefore unable to complete the Transitions Sex Offender Program and achieve release on probation. He requests that this Court order the Superior Court to resentence him to Level IV probation instead of Level V incarceration. Alternatively, he requests that this Court order the Department of Correction to assign Franklin to a unit where he will be able to participate in the Transitions program.

(4)    This Court's original jurisdiction to issue a writ of mandamus is limited to circumstances where the respondent is a court or a judge.[1] A writ of mandamus will issue to the Superior Court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii)

---

[1] DEL. CONST. Art. IV, § 11(5); *In re West*, 2019 WL 4052483 (Del. Aug. 27, 2019) (citing *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991)).

2

that the Superior Court has arbitrarily failed or refused to perform its duty.[2]

Moreover, "in the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5) As an initial matter, this Court lacks jurisdiction to issue a writ of mandamus to the Department of Correction.[4] There also is no basis for the issuance of a writ of mandamus to the Superior Court in this case. "[A] writ of mandamus cannot be used to compel Superior Court to impose a particular sentence."[5] In addition, a petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[6] Franklin could have appealed his fourth VOP, but he did not do so. Moreover, the issues Franklin raised in his motion for sentence correction will be subject to review by this Court in his pending appeal from the Superior Court's denial of that motion.

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Id.*

[4] *See supra* note 1. *See also In re Resop*, 2015 WL 5168155, at *1 (Del. Sept. 1, 2015) (recognizing this Court's lack of jurisdiction to issue a writ of mandamus to the Department of Correction).

[5] *In re Jones*, 1993 WL 22039 (Del. Jan. 25, 1993).

[6] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014); *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice