IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § No. 308, 2020
PETITION OF CHARLES DUFFY §
FOR A WRIT OF MANDAMUS §

Submitted: September 28, 2020
Decided: October 22, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1)　In 1985, the petitioner, Charles Duffy, pleaded guilty to first-degree rape. He received a sentence of life imprisonment, the first twenty years of which were mandatory. In 2012, the Board of Parole certified Duffy for parole upon the successful completion of the Greentree program. On January 12, 2018, Duffy pleaded guilty in the Superior Court to violation of privacy. The Superior Court declared Duffy to be a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him to six years of imprisonment. As a result of the conviction for violation of privacy, Duffy's parole was also revoked.

(2)　On March 16, 2020, Duffy filed a "Motion for Credit Time Served," and on May 21, 2020, he filed a "Motion to Compel DOC to Apply Credit Time to Current Incarceration." The Superior Court denied the motions on August 31, 2020.

On September 15, 2020, Duffy filed a notice of appeal[1] of the Superior Court's August 31, 2020 order and a petition for a writ of mandamus.

(3) In the petition for a writ of mandamus, Duffy seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus requiring the Department of Correction to provide him with 204 days of statutory good-time credit. Relying on the transitional provisions set forth in 11 *Del. C.* § 4216, he contends that his life sentence and his 2018 sentence should run consecutively, not concurrently, and that he is entitled to have good-time credit accurately calculated and applied while he is serving his 2018 sentence.[2]

(4) The State filed an answer and motion to dismiss. It states that in preparing the response, it informed the Department of Correction ("DOC") of Duffy's petition and, as a result, DOC has credited Duffy with 204 days of statutory good time and 116 days of meritorious good time. The State therefore argues that Duffy's petition should be dismissed as moot. It also argues that the petition should be dismissed because the appeal that Duffy has filed provides him with another, adequate remedy.

---

[1] *Duffy v. State*, 307, 2020 (Del.) (filed Sept. 15, 2020).

[2] *See* 11 *Del. C.* § 4216(a) ("Where an inmate is serving a sentence to Level V (incarceration) imposed not under the Truth in Sentencing Act of 1989 and receives a subsequent sentence to Level V under the provisions of the Truth in Sentencing Act, serving of the earlier sentence shall be suspended and the inmate shall serve the new Level V sentence until it is completed and then resume serving the original sentence.").

(5)     We conclude that the petition for a writ of mandamus should be dismissed. This Court's original jurisdiction to issue a writ of mandamus is limited to circumstances where the respondent is a court or a judge.[3]  To the extent that Duffy asks this Court to issue a writ of mandamus to the Department of Correction, this Court lacks jurisdiction to do so.[4]

(6)     To the extent that Duffy is seeking a writ of mandamus directed to the Superior Court, that remedy is available only if the petitioner can show:  (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[5] There is no basis for the issuance of a writ of mandamus to the Superior Court in this case.  A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for an appeal.[6]  Duffy's appeal from the Superior Court's August 31, 2020 order provides him with an adequate avenue for raising the issues that he raised in his petition for a writ of mandamus, and the issue of mootness may also be addressed in the appeal.

---

[3] DEL. CONST. Art. IV, § 11(5); *In re West*, 2019 WL 4052483 (Del. Aug. 27, 2019) (citing *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991)).
[4] *See supra* note 3. *See also In re Resop*, 2015 WL 5168155, at *1 (Del. Sept. 1, 2015) (recognizing this Court's lack of jurisdiction to issue a writ of mandamus to DOC).
[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[6] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014).

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice