IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MILES BRICE FOR | § | No. 473, 2024 |
| A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: January 13, 2025
Decided: March 19, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the petition for an extraordinary writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Miles Brice, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directed to the Department of Correction ("DOC"). After careful review, we conclude that Brice's petition fails to invoke this Court's original jurisdiction and must therefore be dismissed.

(2) Brice is an inmate incarcerated at James T. Vaughn Correctional Center. He alleges that DOC has failed to provide him with necessary medical care, constituting cruel and unusual punishment in violation of the Eighth Amendment. Brice asks the Court to issue a writ of mandamus directing DOC to treat his broken hand without further delay.

(3)     A writ of mandamus is an extraordinary remedy that may be issued by this Court to compel a trial court to perform a duty owed to the petitioner.[1] The Court's original jurisdiction to issue an extraordinary writ of mandamus is limited to instances where the respondent is a court or a judge thereof.[2] Consequently, this Court is without jurisdiction to issue a writ of mandamus to DOC.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *In re Hitchens*, 600 A.2d 37, 38 (Del. 1991).
[3] We note that the cases that Brice cites were federal actions brought under 42 *U.S.C.* § 1983.