IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF KENNETH APPIAH § No. 477, 2024
FOR A WRIT OF MANDAMUS §

Submitted: December 9, 2024
Decided: January 13, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Kenneth Appiah, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus. The State of Delaware has filed an answer and motion to dismiss Appiah's petition. After careful review, we conclude that the petition must be dismissed.

(2) In January 2020, a Superior Court jury found Appiah guilty of multiple felonies, including home invasion and first-degree burglary. The crimes arose from Appiah breaking into his former landlord's apartment and firing a gun. The Superior Court sentenced Appiah to forty-three years of Level V incarceration, suspended

after seventeen years for decreasing levels of supervision. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) In August 2023, the Superior Court denied Appiah's first motion for postconviction relief under Superior Court Criminal Rule 61.[2] The Superior Court rejected, among other things, Appiah's claim that his trial counsel was ineffective for failing to hire an independent examiner to test a glove found outside his former landlord's apartment, swabs collected from shell casings in the apartment, and his gun for DNA and gunpowder residue.[3] Based on its denial of the Rule 61 motion, the Superior Court also denied Appiah's motion for DNA and gunpower residue testing as moot.[4] On appeal, Appiah argued the Superior Court erred in denying his motion for DNA and gunpowder testing as well as his claims of ineffective assistance. This Court affirmed the Superior Court's judgment.[5]

(4) In September 2024, Appiah filed a petition for a writ of mandamus in the Superior Court. He sought issuance of a writ of mandamus to the Attorney General's Office so that he could obtain access to the glove, shell casings, and gun for DNA and gunpowder testing. The Superior Court dismissed the petition as legally frivolous and because it plainly appeared from the face of the petition that

---

[1] *Appiah v. State*, 2020 WL 762353 (Del. Dec. 22, 2020).
[2] *State v. Appiah*, 2023 WL 5608927 (Del. Super. Ct. Aug. 28, 2023).
[3] *Id.* at *12.
[4] *Id.* at *17.
[5] *Appiah v. State*, 2024 WL 1653784 (Del. Apr. 16, 2024).

Appiah was not entitled to relief.  The Superior Court explained that Appiah had already sought access to the specified items in the Rule 61 proceedings and this Court had affirmed the Superior Court's denial of Appiah's Rule 61 motion.

(5)     Appiah did not appeal the Superior Court's judgment, but instead filed a petition for a writ of mandamus in this Court.  Appiah seeks a writ of mandamus directing the Superior Court to grant him access to the glove, shell casings, and gun for DNA testing.

(6)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[6]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[7]

(7)     There is no basis for issuance of a writ of mandamus in this case. Appiah has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him.  The Superior Court reviewed Appiah's petition for a writ of mandamus and dismissed it.   Appiah also had an adequate remedy in the appellate

---

[6] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[7] *Id.*

3

process.  He could have appealed the Superior Court's denial of his petition for a writ of mandamus to this Court, but did not do so.  A writ of mandamus is not a substitute for an appeal.[8]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

---

[8] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014) (citing *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del.1965)).